| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **GARY KRIEGER**; **STRATAGEM, INC.**; and ) <br> **STRATAGEM, INC. SAVINGS PLAN**, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> Case No. |

# COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

## JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Stratagem, Inc. Savings Plan ("Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the Eastern District of Wisconsin, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in the city of Milwaukee, which is located in Milwaukee County, Wisconsin, and within this district.

**DEFENDANTS**

5. The Plan was sponsored by Stratagem, Inc. ("Stratagem"), which was incorporated in the state of Wisconsin on May 29, 1986.

6. The Plan was established in 1988, as a 401(k) profit-sharing plan, which allows employees to make voluntary salary deferral contributions through payroll withholdings.

7. The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

8. From at least February 29, 2016 through at least March 29, 2019, Defendant Stratagem was the Plan Sponsor and Plan Administrator for the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

9. From at least February 29, 2016 through at least March 29, 2019, Defendant Gary Krieger ("Krieger") was the President and sole owner of Stratagem; he was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and he was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

**COUNT I**

**(Failure to Remit Employee Salary Deferral Contributions to the Plan)**

10. Paragraphs 1 through 9 above are re-alleged and incorporated herein.

11. From at least June 29, 2018 through at least March 29, 2019, the Plan's governing documents provided, in pertinent part, that participants could make salary deferral contributions to the Plan from their compensation.

12. From at least June 29, 2018 through at least March 29, 2019, Defendant Stratagem withheld $30,926.86 from its employees' pay as salary deferral contributions intended for the Plan. Upon information and belief, Defendant Stratagem retained the withheld employee salary deferral contributions in its general operating account, never remitted them to the Plan, and used the monies to pay Stratagem's expenses.

13. From at least June 29, 2018 through at least March 29, 2019, Defendant Krieger exercised authority and control over whether Stratagem remitted employee salary deferral contributions to the Plan.

14. As fiduciaries of the Plan, Defendants Stratagem and Krieger failed to ensure the employees' salary deferral contributions to the Plan were remitted to the Plan.

15. Based on the facts described in paragraphs 11-14 above, Defendants Stratagem and Krieger:

    A. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    B. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

C. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

D. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

E. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. § 1106(b)(2).

16. As a direct and proximate result of Defendants Stratagem and Krieger's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. §1109.

## COUNT II

### (Failure to Remit Employee Salary Deferral Contributions to the Plan in a Timely Manner)

17. Paragraphs 1 through 9 and 11 above are re-alleged and incorporated herein.

18. From at least February 29, 2016 through at least March 29, 2019, Defendant Stratagem withheld $248,485.60 in employee salary deferrals from employees' paychecks for contribution to the Plan.

19. From at least February 29, 2016 through at least March 29, 2019, Defendant Stratagem failed to remit the $248,485.60 in employee salary deferral contributions to the Plan in a timely manner.

4

20. From at least February 29, 2016 through at least March 29, 2019, Defendant Krieger exercised authority and control over when Stratagem remitted the $248,485.60 in employee salary deferral contributions to the Plan.

21. As fiduciaries to the Plan, Defendants Stratagem and Krieger failed to ensure that the salary deferral contributions were timely remitted to the Plan.

22. Based on the facts described in paragraphs 17 through 21 above, Defendants Stratagem and Krieger:

    A. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA §403(c)(1), 29 U.S.C. § 1103(c)(1);

    B. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    C. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    D. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

    E. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

23. As a direct and proximate result of the fiduciary breaches of Defendants Stratagem and Krieger, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT III

### (Failure to Authorize Distributions)

24. Paragraphs 1 through 9 above are realleged and incorporated herein.

25. Since at least March of 2019, Stratagem failed to process participants' distribution requests because it has failed to direct the Plan's Directed Trustee, Vanguard Fiduciary Trust Company ("Trustee"), to issue distributions.

26. Since at least March of 2019, Defendant Krieger exercised authority and control over whether to instruct the Plan's Directed Trustee to issue distributions to Plan participants.

27. Based on the facts described in paragraphs 24 through 26 above, Defendants Stratagem and Krieger:

    A. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    B. failed to discharge their duties solely in the interest of participants and their beneficiaries and in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

28. As a direct and proximate result of the fiduciary breaches of Defendants Stratagem and Krieger, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

# **PRAYER FOR RELIEF**

Wherefore, the Secretary prays for judgment:

A. Permanently enjoining Defendants Stratagem and Krieger from violating the provisions of Title I of ERISA;

B. Permanently enjoining Defendants Stratagem and Krieger from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing them from any position they now hold as a fiduciary to the Plan;

C. Ordering Defendants Stratagem and Krieger to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D. Ordering Defendants Stratagem and Krieger to correct the prohibited transactions in which they engaged;

E. Appointing an independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute its assets to the participants and beneficiaries, and conclude any plan-related matters connected with the proper termination of the Plan;

F. Ordering Defendants Stratagem and Krieger to pay all reasonable fees and expenses incurred by the independent fiduciary in administering and terminating the Plan;

G. Awarding the Secretary the costs of this action; and

H. Ordering such other just and proper relief.

|  |  |
|---|---|
| | Respectfully submitted, |
| | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor |
| **P.O. ADDRESS:**<br>Office of the Solicitor<br>230 South Dearborn St.<br>Room 844<br>Chicago, IL 60604<br>Tel. (312) 353-4995<br>Fax. (312) 353-5698<br>seidelman.catherine@dol.gov<br>sol-chi@dol.gov | **CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>/s/ Catherine L. Seidelman<br>**CATHERINE L. SEIDELMAN**<br>Trial Attorney (IL 6306193)<br><br>Attorneys for **EUGENE SCALIA**<br>Secretary of Labor, U.S. Dept. of Labor<br>Plaintiff |