UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

EUGENE SCALIA,

        Plaintiff,

        v.

GARY KREIGER, STATAGEM, INC.,
and STRATAGEM INC. SAVINGS PLAN,

        Defendants.

Case No. 20-cv-700-pp

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REQUIRING THE UNITED STATES MARSHALS SERVICE TO SERVE THE SUMMONS AND COMPLAINT UPON DEFENDANTS AND FOR AN EXTENSION OF TIME FOR THE SECRETARY TO SERVE HIS COMPLAINT (DKT. NO. 5)**

_____

On May 6, 2020, the plaintiff, the Secretary of the United States Department of Labor, filed his complaint alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq (ERISA). Dkt. No. 1. The complaint asks, among other things, that the court appoint an independent fiduciary to terminate the ERISA Plan and distribute its assets to the participants and beneficiaries. Id. at 7. The plaintiff since has filed a motion asking the court to order the United States Marshals Service to serve the summons and complaint on the three defendants and to extend his deadline for service until September 11, 2020. Dkt. No. 5.

In the pending motion, the plaintiff explains that he tried to serve a waiver of service of summons and notice of waiver of service of summons to the defendant through first-class mail on May 7, 2020. Dkt. No. 6 at 2. The

1

plaintiff used defendant Gary Krieger's home address because Krieger is the registered agent for defendant Stratagem, Inc. Id. Krieger confirmed, during the underlying investigation, that the defendant Plan has the same address as Stratagem. Id. The plaintiff also attempted to send the documents using Krieger's corporate email address—the same address used by the plaintiff's investigator to communicate with the defendants during the investigation. Id. But that email and others have been returned as undeliverable. Id. at 3. The plaintiff attempted to contact Krieger via telephone and left voicemails, but Krieger never has answered the calls or returned the voicemails. Id. When the defendants failed to respond, the plaintiff contacted the United States Marshal Service to request service of the summons and complaint. Id. The Marshals Service responded that it needed an order from the court. Id. The time for service expires August 5, 2020.

Rule 4(c)(3) allows the court, "at the plaintiff's request," to order service of the summons and complaint by "a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court has confirmed with the Marshals Service that, at least at this point, there are no special restrictions on civil service of process due to COVID-19.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if the defendant is not served within ninety days, the court may extend that time for an appropriate period if the plaintiff establishes good cause. Fed. R. Civ. P. 4(m). The plaintiff has shown a good faith attempt to serve the defendants and facts indicating that the defendant(s) may be attempting to evade service, and

2

the plaintiff has valid budgetary concerns as a branch of the federal government.

The court **GRANTS** the plaintiff's motion for an order requiring the United States Marshal's Service to serve the summons and complaint. Dkt. No. 5.

The court **ORDERS** the United States Marshals Service to serve the summons and complaint on defendants Gary Krieger, Stratagem Inc. and Stratagem, Inc. Savings Plan under Federal Rule of Civil Procedure 4.

The court **GRANTS** the plaintiff's motion to extend the time to serve the complaint. Dkt. No. 5. The court **ORDERS** that the deadline is extended to the end of the day on September 11, 2020. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 8th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**