UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE SCALIA,

        Plaintiff,

        v.

Case No. 20-cv-700-pp

GARY KRIEGER, STRATAGEM INC.,
and STRATAGEM INC. SAVINGS PLAN,

        Defendants.

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO SERVE THE COMPLAINT (DKT. NO. 11)**

The plaintiff filed a complaint under the Employee Retirement Income Security Act (ERISA) alleging that the defendants failed to remit employee salary deferral contributions to the employee benefit plan and failed to authorize distributions. Dkt. No. 1. The Clerk of Court issued the summons the next day. A little over a month later, the plaintiff filed a motion seeking an order requiring the United States Marshals Service to serve the summons and complaint because the plaintiff's attempts to serve Gary Krieger, the registered agent, had been unsuccessful. Dkt. No. 5. The court granted the motion and extended the time to serve the complaint to the end of the day on September 11, 2020. Dkt. No. 7 at 3. On September 1, 2020, the plaintiff filed the U.S. Marshal's process receipt and return of service for each of the defendants. Dkt. Nos. 9, 10, 11. A month later, the plaintiff filed a second motion for extension

1

of time to serve, having realized that the service on Stratagem and the Stratagem Savings Plan may have been insufficient. Dkt. No. 11 at 3.

As explained in the order addressing the first motion for extension of time, Rule 4(m) provides that if a plaintiff does not serve a defendant within ninety days after the complaint is filed, the court must dismiss the case without prejudice against that defendant or order that service be mailed within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. <u>Id.</u>

The plaintiff filed his first motion for extension of time within ninety days of filing the complaint. He filed this second motion after the September 11, 2020 deadline the court had set for him to effectuate service. The Seventh Circuit addressed a similar situation in <u>United States. v. McLaughlin</u>, 470 F.3d 698, 699 (7th Cir. 2006), where the district court granted a motion for extension of time after the time for service had expired. The court began its analysis with Rule 4(m), then turned to Rule 6(b)(2), which arguably comes into play when the plaintiff fails to meet the new deadline and files a motion for extension of time. <u>McLaughlin</u>, 470 F.3d at 700. The court acknowledged that "Rule 6(b)(2) is less generous to dawdlers than Rule 4(m), not only in requiring the plaintiff to show excusable neglect if his motion for an extension is itself untimely, but also in not requiring the judge to grant the motion even if good cause is shown." <u>Id.</u> Ultimately, the Seventh Circuit "did not consider excusable neglect the test for extending the deadline for service." <u>Id.</u> The court held that the district court did not abuse its discretion in granting the

2

extension where there was zero prejudice to the defendant—the defendant had notice of the suit, admitted liability and the statute of limitations would have barred the filing of another suit. Id.

Here, the plaintiff attempted to serve the defendants through the waiver of service provision under Rule 4(d). The plaintiff used the addresses the defendants provided during the investigation and through mail, email and telephone calls. Dkt. No. 6 at 2-3. The plaintiff then filed a motion for an order requesting service by the U.S. Marshal and an extension of time for service. Dkt. No. 5. The court granted that motion, and the U.S. Marshal served the wife of the registered agent (Gary Krieger) with the summons for each of the three defendants because Gary Krieger was not at home. Dkt. No. 12 at 2.

In this second motion to extend time, the plaintiff says he believes that service was proper on Krieger because Krieger's wife resides at Krieger's address, is over eighteen and is not a person in military service. Dkt. No. 11 at 3. The U.S. Marshal served Cyndi Krieger, Gary's wife, at their home on August 5, 2020—before the court-imposed deadline for service. Dkt. Nos. 8, 9, 10. The plaintiff says, however, that serving Krieger's wife may not have constituted effective service on Stratagem and the Plan under Federal Rule of Civil Procedure 4(h) and Section 502(d)(1) of ERISA. Dkt. No. 12 at 4.

Under these circumstances and based on the plaintiff's diligent attempts to effectuate service, the court sees no prejudice to the remaining two defendants. Similar to the facts of McLaughlin, the plaintiff mistakenly believed he had effectuated service and did not realize his error until after the deadline

3

had passed. As the plaintiff explained in his first motion for extension, Gary Krieger informed the plaintiff during the investigation that he is the registered agent for Strategem and that the Plan has the same address as Stratagem. Dkt. No. 6. It appears that Krieger (and the other two defendants) have actual notice of the complaint and knowledge of this lawsuit. The court will grant the second request for an extension of time.

The court **GRANTS** the plaintiff's second motion for extension of time to serve defendants Strategem and Strategem Inc.'s Savings Plan. Dkt. No. 11. The court **ORDERS** that the plaintiff must serve defendants Strategem, Inc. and the Plan by **November 13, 2020**.

Dated in Milwaukee, Wisconsin this 28th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**