UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

  v.

GARY KRIEGER, STRATAGEM, INC.
and STRATAGEM, INC. SAVINGS PLAN,

        Defendants.

Case No. 20-cv-700-pp

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT (DKT. NO. 17), ENTERING PERMANENT INJUNCTION, RETAINING JURISDICTION AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

---

The plaintiff filed a complaint to enjoin certain acts and practices violating Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001, *et seq.,* and to obtain relief for alleged breaches of fiduciary duty. Dkt. No. 1. Specifically, the plaintiff alleged that the defendants failed to remit certain employee salary deferral contributions to the Stratagem, Inc. Savings Plan, id. at 2-3; failed to remit other payments in a timely manner, id. at 4-5; and failed to authorize distributions, id. at 6. The court extended the time for service—twice—at the plaintiff's request. Dkt. No. 7, 13. The Clerk of Court entered default as to all defendants on December 1, 2020. The plaintiff moved for default judgment on December 16, 2020. Dkt. No. 17. No defendant has appeared or otherwise responded to the motion.

## I. ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff filed a motion for an extension of time to serve the summons and complaint on the three defendants. Dkt. No. 5. The plaintiff explained that on May 7, 2020, he sent a waiver of service packet by first-class mail. Dkt. No. 6 at 2. The plaintiff used the same address for all three defendants—defendant Gary Krieger's home address, because Krieger is the registered agent for Stratagem, Inc. Id. (Krieger had confirmed during an investigation by the Employee Benefits Security Administration that Strategem, Inc. Savings Plan had the same address as Strategem, Inc. Id.) On the same date, the plaintiff tried to send the packet of documents to Krieger's corporate email address—the same address the plaintiff's investigator had used to communicate with the defendants during the investigation. Id. at 2-3. That email (as well as emails to Krieger) was returned undeliverable. Id. at 3. The plaintiff left voicemails for Krieger to try to confirm that he'd received the documents, using the same phone number its investigator had used during the investigation; while the answering machine stated Krieger's name, no one answered the calls and none of the plaintiff's voicemails were returned. Id.

After waiting thirty days, the plaintiff contacted the U.S. Marshals Service and asked that it serve the summons and complaint on each defendant. Id. The USMS responded that it would need an order from the court to serve the three defendants. Id. at 3. On June 16, 2020, the plaintiff filed a motion asking the court to order the USMS to serve the defendants and to extend the deadline for effecting service, expressing concern that the defendants were trying to evade service. Dkt. No. 5. On July 8, 2020, the court granted that motion and ordered the USMS to serve the summons and complaint on all defendants by September 11, 2020. Dkt. No. 7. The U.S. Marshal filed Forms USM-285, showing service on all three defendants on August 5, 2020 by serving Cyndi Krieger at her residence. Dkt. Nos. 8-10.

On October 2, 2020, the plaintiff again moved for an extension of time, fearing that Cyndi Krieger did not have the authority to accept mail on behalf of the corporation or the Plan at her home. Dkt. No. 12 at 2-3. The court granted the motion and ordered service by November 13, 2020. Dkt. No. 13.

In connection with the application for the entry of default, the plaintiff has filed the declaration of Attorney Catherine Seidelman, dkt. no. 16-1, and Deputy Marshal Shane Hitchler, dkt. no. 16-2, regarding the steps taken to serve the defendants. Based on their submissions, the court finds that the plaintiff has served all three defendants.

With respect to Gary Krieger, the U.S. Marshals Service served his wife, Nancy, at their personal residence located at 10512 Bridge Street, Cedarburg, WI 53012 on August 5, 2020. Dkt. No. 16-1 at ¶8; Dkt. No. 10. The woman

3

that Hitchler served identified herself as Gary Krieger's wife and explained that Krieger was in Milwaukee for the day. Dkt. No. 16-2 at ¶3. Hitchler filed a declaration explaining that he personally served Krieger's wife at their home but inadvertently wrote down the incorrect first name (he called her Cyndi) on the USM-285 form. Id. at ¶¶3-5. Hitchler realized that he had searched public records showing that a Cyndi Krieger used to reside at the address but that Cyndi had passed away in 2010. Id. at ¶5. Hitchler had served Krieger's wife, Nancy, whose identity he verified using the driver's license in the USMS database. Id. The picture in the database matched the picture of the person whom Hitchler served on August 5, 2020. Id.

On October 30, 2020, Hitchler personally served Gary Krieger on behalf of Stratagem, Inc. and the Stratagem, Inc. Savings Plan. Id. at ¶7. Hitchler served Krieger in the Lasata Nursing Home parking lot located at W76N677 N. Wauwatosa Road, Cedarburg, Wisconsin. Id. at ¶¶6, 7. Hitchler recognized Gary Krieger from his driver's license photo as Krieger sat in his gray Tahoe SUV. Id. at ¶7. Hitchler confirmed with Krieger that he was Gary Krieger and asked to see his driver's license. Id. Hitchler personally served Krieger at approximately 5:05 p.m. with two copies of the summons and complaint—one for the defendant corporation and one for the defendant plan. Id. The court notes that Gary Krieger is the sole owner of Stratagem, Inc. and that Stratagem, Inc. sponsors the Stratagem, Inc. Savings Plan. Dkt. No. 16-1 at ¶6. Gary Krieger is listed as Stratagem's registered agent. Id.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 17)

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

Investigator Donjeene Smith of the Employee Benefits Security Administration of the United States Department of Labor, Chicago Regional Office, investigated Stratagem, Inc. and the Stratagem, Inc. Savings Plan to determine whether they violated Title I of ERISA. Dkt. No. 18-1 at ¶2. As part of

5

the investigation, which included reviewing the plan documents and underlying records that had been subpoenaed, Smith determined that Gary Krieger, as sole owner of Stratagem, retained contributions withheld from employees' pay, remitted other contributions in an untimely manner and failed to authorize employees' requested distributions. Id. at ¶3. Between June 29, 2018 and March 29, 2019, Stratagem withheld $30,926.86 from employees' pay as deferred contributions but never remitted these contributions to the Plan. Id. Between February 29, 2016, and March 29, 2019, Stratagem withheld $248,485.60 from employees' pay as salary deferral contributions but failed to remit those amounts in a timely manner. Id. Investigator Smith confirmed with a representative from Vanguard Group that Vanguard could not process the Plan participants' requests because Krieger and Stratagem failed to authorize the distributions. Investigator Smith calculated losses totaling $30,926.86 from the fiduciary breaches and $3,903.53 in lost opportunity costs incurred by the Plan, for a total of $34,830.39 in losses. Id. at ¶¶3-6; 18-2.

Because an exact amount has been established and defendants have not appeared, the court will grant the plaintiff's motion and enter default judgment.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 17.

The court **PERMANENTLY ENJOINS** the defendants from violating the provisions of Title I of ERISA.

6

The court **ORDERS** that defendants Gary Krieger and Stratagem, Inc. shall be removed from any positions they hold as fiduciaries of the Plan. The court **PERMANENTLY ENJOINS** Krieger and Stratagem, Inc. from serving as fiduciaries of the Plan.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against Gary Krieger and Stratagem, Inc., jointly and severally, in the amount of $34,830.39.

The court **ORDERS** that the defendants shall correct the prohibited transactions in which they engaged within fourteen days of entry of the judgment.

The court **ORDERS** defendants Krieger and Stratagem, Inc. to restore to the Plan $30,926.86 in losses and an additional $3,903.53 in lost opportunity costs within fourteen days of the entry of judgment.

The court **APPOINTS** AMI Benefit Plan Administrators, Inc., as the Independent Fiduciary for the Plan to terminate the Plan and distribute its assets to the participants and beneficiaries and conclude any plan-related matters connected with the proper termination of the Plan consistent with the Plan's governing documents, the internal Revenue Code, and ERISA. The Independent Fiduciary shall have the following powers, duties and responsibilities:

- The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are

- distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated;

- The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the 401(k) Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. The Independent Fiduciary shall comply with the guidance in EBSA Field Assistance Bulletin No. 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 14, 2014) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01, in attempting to locate participants and handling missing participants;

- The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current Plan assets;

- The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform its duties;

- The Independent Fiduciary shall restore the monies owed to all individuals who: (1) were employees of Stratagem; (2) were Plan participants during the period June 29, 2018 through March 29, 2019; and (3) had voluntary employee contributions withheld from their pay for contribution to the Plan and who have not received a distribution of their full vested account balance as of the date of the entry of this Default Judgment. The lost opportunity cost amount shall be allocated to each participant based on the percentage of the amount due for unremitted and untimely remitted employee contributions.

- Within 30 days of the entry of the Default Judgment, the Independent Fiduciary shall initiate the termination of the 401(k) Plan in accordance with ERISA. The Independent

- Fiduciary's responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the Plan participants and filing all appropriate documents with the various government agencies. The Plan shall be fully terminated within 120 days of the entry of this Order and if not, the Independent Fiduciary shall report in writing to the Court and to the parties the projected date of final termination. Within thirty days from the date the Plan is fully terminated, the Independent Fiduciary shall provide satisfactory proof of such termination, including proof of issuance of the Plan's participant distributions, to the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 230 S. Dearborn Street, Suite 2160, Chicago, IL 60604.

- The Independent Fiduciary's appointment shall terminate upon the first to occur: (1) removal by the Court; (2) its resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or (3) the liquidation and distribution of the Plan's assets and the completion of all related tasks.

The court **ORDERS** that Gary Krieger and Stratagem, Inc. must pay all reasonable fees and expenses incurred by the Independent Fiduciary, not to exceed $9,790, for fees and expenses reasonably and necessarily incurred in administering and terminating the Plan.

The court **AWARDS** the plaintiff attorneys' fees and costs.

Nothing in the default judgment is binding on any government agency other than the United States Department of Labor.

The court **RETAINS** jurisdiction for the purpose of enforcing compliance with the terms of the default judgment and **ORDERS** the Clerk of Court to close this case for administrative purposes. Once the defendants have complied with the terms of the default judgment, the plaintiff shall notify the court. If the

9

plaintiff must enforce the judgment, the plaintiff may file a motion and the court will reopen the case to address any alleged violation.

Dated in Milwaukee, Wisconsin this 29th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**