UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,[1]

        Plaintiff,

  v.

GARY KRIEGER, STRATAGEM, INC.,
and STRATAGEM, INC. SAVINGS PLAN,

        Defendants.

Case No. 20-cv-700-pp

---

**ORDER GRANTING PLAINTIFF'S PETITION FOR ADJUDICATION OF CIVIL CONTEMPT AND COERCIVE FINE AND TO AMEND DEFAULT JUDGMENT TO PERMIT INDEPENDENT FIDUCIARY TO BE PAID BY PLAN (DKT. NO. 22)**

---

On February 16, 2022, the court entered an order to show cause (1) requiring defendants Gary Krieger and Stratagem, Inc. to file a written document with the court explaining why they have not complied with the terms of the default judgment and (2) responding to the plaintiff's petition for adjudication of civil contempt and coercive fine. Dkt. No. 25. The court ordered the defendants to file their response no later than the end of the day on March 25, 2022. Id. To ensure that the defendants received adequate notice, the court ordered the U.S. Marshals Service to serve the defendants with the order to show cause, as well as a copy of the plaintiff's petition for adjudication of civil

---

[1] The court has amended the plaintiff's name in the caption to reflect that Martin J. Walsh is the current Secretary of Labor.

1

contempt and a coercive fine (Dkt. Nos. 22, 23). Five days later, the U.S. Marshal filed the process receipt and return. Dkt. No. 27. Deputy Marshals Shane Hitchler and T. Marratt personally served defendant Gary Krieger on February 16, 2022 at 5:15 p.m. 10512 Bridge St., Cedarburg, Wisconsin.[2] Id. To date, the defendants have not complied with the court order or the court's prior order requiring them to restore to the Stratagem Inc. Savings Plan $30,926.86 in losses and $3,903.53 in opportunity costs and to pay the $9,790 in outstanding fees and expenses. Dkt. No. 22 at ¶¶3, 4.

The court will grant the plaintiff's petition to find the defendants in contempt for failing to comply with the court's order, impose daily fees until the defendants comply, amend the (amended) judgment to allow the plan to pay the Independent Fiduciary in the interim and award fees and costs. Dkt. Nos. 22, 23. The plaintiff has shown, by clear and convincing evidence, that (1) the defendants had clear notice of the court's entry of default and the terms of the judgment, dkt. no. 25 at 2, 5; (2) defendants Krieger and Stratagem violated the terms of the default judgment by failing to comply with the order to pay $34,830.39 within fourteen days of the court's entry of default judgment, id. at 5; (3) the violation is significant because neither Krieger nor Stratagem have remitted the contributions to the Plan that they withheld from the employees' pay; and (4) the defendants made no attempt—not even a reasonable or diligent

---

[2] The court previously determined that Krieger is the sole owner of Stratagem, Inc. and that Krieger is Stratagem's registered agent. Dkt. No. 19 at 4.

attempt—to comply with the court's default order or judgment. See Ohr v. Latino Express, Inc., 776 F.3d 469, 474 (7th Cir. 2015).

The court will grant the plaintiff's request for a contempt fine of $100 per day, which remains in force until Krieger and Stratagem Inc. restore all monies to the Plan, pay the Independent Fiduciary and purge their contempt. In addition, to ensure that the Independent Fiduciary is paid for past and ongoing work to administer the plan, the court will amend the default judgment to permit the plan to pay the Independent Fiduciary's reasonable expenses and fees (the current judgment has the defendants paying the Independent Fiduciary). Finally, the court will grant the plaintiff's request for reasonable fees and costs associated with the filing of the petition based on Krieger and Stratagem, Inc.'s failure to respond to or comply with the court's order, judgment and order to show cause. See Tranzact Technologies, Inc. v. 1Source Worldsite, 406 F.3d 851, 855 (7th Cir. 2005) ("[A]ttorney's fees may be awarded in contempt proceedings at the court's discretion.")

The court **GRANTS** the plaintiff's Petition for Adjudication of Civil Contempt and Coercive Fine and to Amend the Default Judgment to Permit the Independent Fiduciary to be Paid by the Plan. Dkt. No. 22.

The court **ORDERS** the defendants to pay $34,830.39 plus interest to the Plan within fourteen days of the date of this order.

The court **ORDERS** that the default judgment must be **AMENDED** to allow the Independent Fiduciary to receive payment from the Plan.

The court **ORDERS** the defendants to reimburse the Plan for all reasonable fees and expenses the Independent Fiduciary already had incurred and will incur to administer and terminate the Plan within fourteen days of the date of this order.

The court **ORDERS** the defendants to pay all reasonable fees and expenses the Independent Fiduciary necessarily incurs to make further distributions to the Plan Participants or with respect to the Plan due to the defendants' failure to comply with the court's default order.

The court **ORDERS** the defendants to pay a fine of $100 per day for failure to comply with the default judgment until the defendants purge themselves of their contempt.

The court **ORDERS** the defendants to pay the plaintiff's reasonable costs and fees associated with filing the petition for contempt. The plaintiff must file an itemized list of costs and fees on or before the end of the day on **April 29, 2022**.

The court **ORDERS** the U.S. Marshals Service to serve the defendants with a copy of this order.

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**